LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Peter M. Tuttman *
Warren S. Robins ◊
Brian T. Keane ◊º
Richard L. Ravin *º□
Andrew T. Wolfe ◊
Jon E. Linder*
_____

Writer's E-mail:
Rick@Ravin.com
Writer's Web Site:
www.Ravin.com

W.115 CENTURY ROAD
PARAMUS, NEW JERSEY 07652
(201) 967-8040

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450
_____
FACSIMILE
(201) 857-4124
_____
WEBSITE
www.hartmanwinnicki.com

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)
_____

*  New York and New Jersey Bars
º  Florida Bar
□  Washington, D.C. Bar
◊  New Jersey Bar

**REPLY TO:
RIDGEWOOD OFFICE**

May 21, 2015

**VIA ECF**

Honorable James B. Clark, III, U.S.M.J.
Frank R. Lautenberg U.S. P.O. & Courthouse
Courtroom No. 1
1 Federal Square
Newark, New Jersey 07102

  Re: **East Coast Test Prep LLC, et al.
     v. Allnurses.com, Inc., et al.
     Civil Action No. 15-cv-3202 (MCA) (JBC)
     Our File No. 11299-001**

Dear Judge Clark:

  At the conclusion of the telephone conference held by Your Honor on May 19, 2015, with Keith Miller, appearing for Defendants Allnurses.com, Inc. and Brian Short (collectively, "Allnurses"), and myself, appearing for Plaintiffs East Coast Test Prep LLC and Mark Olynyk ("Plaintiffs"), Your Honor allowed me to submit this letter in support of Plaintiffs' application to serve subpoenas on Defendants Allnurses.com, Inc. and Brian Short (collectively, "Allnurses").

  During the telephone conference, Your Honor denied Plaintiffs' request to require that Allnurses respond to Plaintiffs' First Request For Production Of Documents ("Document Requests") which had been served on Mr. Miller, as counsel for Allnurses, on April 16, 2015, apparently adopting the position of Allnurses that the state court discovery was a nullity as a result of the removal. My recollection is that Allnurses cited no reported District of New Jersey, Third Circuit or Supreme Court case (orally or in writing) in support of their position, and I do not recall Your Honor citing any case law.

  Notwithstanding the procedural roadblock, I requested that Allnurses nonetheless now respond to the nine Requests which comprise the Document Requests (attached to

Honorable James B. Clark, III, U.S.M.J.
May 21, 2015
Page 2 of 7

my letter to Your Honor dated May 15, 2015 (see, ECF 7). Mr. Miller raised First Amendment rights of his non-clients, anonymous John Doe Defendants. Your Honor had proposed that counsel meet and confer on negotiating a preservation order. I objected to same, because, among other things, without obtaining the requested e-mail addresses and IP Addresses of the anonymous John Doe defendants, there would be no subpoenas to serve.

Tracing back e-mail addresses and IP Addresses to their point of origin is no different than a scavenger hunt – each clue is needed to get to the next clue. Our first clue is in hands of the Allnurses. Even if Plaintiffs sent subpoenas and preservation orders to every Internet Service Provider ("ISP") (e.g. Verizon, Cablevision, Comcast) and every online service provider ("OSP") (e.g. Google, Yahoo, AOL) on the planet with they would not know what to preserve without giving them the e-mail and IP Addresses (as applicable). In most cases, the first round of subpoenas going to the Service Providers will be asking for yet additional e-mails and IP Addresses. Typically, the end of the trail is reached when the IP Address leads to the name of a person or business and physical address of the Internet modem router or other device is located.

The requested information is needed immediately because the Service Providers typically purge their IP Address logs after certain periods of time, such as 6 months or a year. Likewise, inactive e-mail accounts information of Service Providers may also be purged after certain time periods.

The present application to serve subpoenas on Allnurses is necessitated due to the perishability of the discovery sought by Plaintiffs. Plaintiffs have no other way to obtain the information except from Allnurses. Extreme prejudice will occur to Plaintiffs, if it has not already, by the delay of Allnurses in providing the information.

While there would be extreme prejudice that would occur to Plaintiffs if the discovery is not obtained, providing the discovery would take little effort by Allnurses. Some of the information sought by would take no more effort by Allnurses than printing out the one-page account records for each of the John Doe Defendants which contain the e-mail addresses of its members and presumably would take no more than a few minutes.

During the telephone conference, Allnurses took the position that no discovery can be sought from them because they are a party to this lawsuit, the Rule 16 initial conference has not yet occurred, and therefore, no discovery may be sought by Plaintiffs. As to the timing of discovery, Rules 26(d)(1) and 26(f)(1) expressly provide that the court may order discovery prior to the initial Rule 16 conference, or before counsel meet and confer regarding discovery. Such is warranted in this case, where counsel and the court have been fully engaged on the discovery issues at hand.

Allnurses further argues that they will be filing a motion to dismiss by May 28, 2015, for lack of personal jurisdiction, and should not be subject to discovery as a party. It is not clear if Allnurses will also be filing a motion to dismiss for failure to state a

Honorable James B. Clark, III, U.S.M.J.
May 21, 2015
Page 3 of 7

claim. Mr. Miller has said in writing and during the conference call that Allnurses will seek dismissal of the entire complaint. However, Allnurses does not have standing to bring a motion to dismiss on behalf of other defendants. Thus, assuming, <u>arguendo</u> that Allnurses were to be successful as to the claims against them, the rest of the complaint against other defendants would remain, and Allnurses, would be subject to compulsory discovery as a non-party.

Critically, however, Allnurses argues, that it should not be subject to compulsory discovery as a non-party. According to Allnurses, they are in a state of limbo, between the worlds of party and non-party, and unreachable by corporeal compulsory discovery demands. Meanwhile, Plaintiffs are prejudiced every day. Justice delayed is justice denied to Plaintiffs.

Whatever constitutional grounds Allnurses may have in support of a motion to dismiss for lack of personal jurisdiction, such as not having to defend a lawsuit in New Jersey, such grounds do not exist if the subpoenas are returnable in Minneapolis Minnesota, only 45 minutes by car away from their place of business in Excelsior Minnesota. The forms of subpoenas are being submitted promptly following the filing of this letter, via the court's ECF system.

Importantly the issue of lack of personal jurisdiction is likely to take months to resolve, as Plaintiff anticipate the need for jurisdictional discovery. However, the production of the requested identification information cannot wait.

Plaintiffs seek to serve the following 4 subpoenas:

1. a subpoena for the production of documents on Defendant Allnurses.com, Inc.,

2. a subpoena for the production of documents on Defendant Brian Short,

3. a subpoena for the deposition of a person(s) with knowledge as to certain matters, pursuant to Rule 30(b)(6), and

4. a subpoena for the deposition of Brian Short.

In addition to seeking permission to serve the subpoenas directly on the Allnurses Defendants, seek permission to also serve the subpoenas on Mr. Miller, as counsel to both Defendants. Further, Plaintiffs request that the order state that such subpoenas shall remain in full force and effect in the event that the entire complaint is not dismissed as a result of Allnurses motion to dismiss to be filed on or before May 28, 2105.

As explained during the conference call, preservation orders will not work in this case. Plaintiffs need the e-mail address submitted by the members when they registered as a member on the allnurse.com Web site, and the IP Addresses used by the members

Honorable James B. Clark, III, U.S.M.J.
May 21, 2015
Page 4 of 7

during registration, posting comments or otherwise communicating with Allnurses. Only by having the IP Addresses and e-mail addresses can we trace back the origination of the offending communications. Plaintiff is not asking for any privileged information.

ISP's and OSP's require a subpoena or court order to preserve or produce information. Without force of subpoena or court order, they will take no action. Critically, without Defendants producing to Plaintiffs the requested e-mail addresses and IP Addresses, Plaintiffs will not even know on which Service Providers to serve subpoenas or preservation orders. Even if the Service Providers were known, without identifying the IP Addresses or E-Mail address in the Subpoenas or Orders, there would be nothing to subpoena or order.

Once we know the IP Address, we can look up to which Service Providers the IP Addresses are leased. Once we know the e-mail addresses, will we know which Service Providers to subpoena for account information, such as e-mail addresses. In the case of some Service Providers, such as Google, Yahoo, AOL, to name a few, the information that will be subpoenaed are the e-mail addresses and IP Addresses used by their account holders, which will in turn ultimately lead to an ISP, that will provide us with the name and physical address of its subscriber. We will have reached the end of the line, if we can discover the true name of the account holder and physical address of the Internet device from which the e-mail originate or IP Address originated.

During the conference call, Mr. Miller asserted that the production of the information would violate the First Amendment anonymous speech rights of the John Doe Defendants.

First, Mr. Miller does not represent any John Doe Defendants.

Second, Allnurses has had the ability for over a month to notify their members that they have been named as John Doe Defendants in a lawsuit and that certain discovery has been sought regarding their registration information and IP Addresses used by them.

Third, if the subpoenas requested herein are permitted, then Allnurses can notify their members as to same, and said members can assert their First Amendment rights.

Fourth, the IP Address information requested does not identify the users, and neither does the e-mail addresses, do identify is users per se.

Fifth, If a member used his or her real name as part of an e-mail address provided during the account registration process, then they are not anonymous, and have no First Amendment right to anonymity. Further, if Allnurses are in possession of the true identity of any member using a pseudonym, than that member is not anonymous and has no First Amendment right of anonymity.

Honorable James B. Clark, III, U.S.M.J.
May 21, 2015
Page 5 of 7

Sixth, the Service Providers will not produce the information in response to the subpoena without first sending notices to their subscribers or account holders that they have received such discovery requests and will produce the requested information unless they receive a motion to quash or other court directing non-production. This is standard practice for all Service Providers. Moreover, the court could enter a discovery order that requires that any online service provider or Internet service provider to which a subpoenas has been served in this case make reasonable efforts to notify its subscriber or account holder of the subpoena such as by sending at least one notice with a copy of the subpoena at an address that it has of record, to its subscriber or account holder at least 10 calendar days prior to producing the information requested in the subpoenas. The order could provide that the notice to subscribers or account holders shall state that unless the Service Provider receives a copy of the motion to quash or an order from this court to withhold production within 10 calendar days of the date of the notice, that the Service Provider shall produce the requested information. The order could also require that Allnurses inform the subject members about the subpoenas by sending notices to the e-mail addresses submitted by the member during registration and posting same on its allnurses.com Web site.

Mr. Miller stated during the conference call that Plaintiffs are required to file a Dendrite motion in this court before serving subpoenas. This is incorrect for multiple reasons:

1. The case of Dendrite Int'l Inc. v. Doe, 342 N.J. Super. 134 (App. Div. 2001) is a New Jersey Appellate Division case involving claims for defamation against anonymous John Doe defendants. The anonymous John Doe defendant No. 3 in that case appeared through his/her counsel to raise both constitutional free speech rights. The message board in that case which hosted the alleged defamatory content was Yahoo. Unlike in the Yahoo case, here, the Web site is a party. Also, in Dendrite, Yahoo did not otherwise appear to assert the First Amendment rights of its message board posters, whereas here, Allnurses is asserting the rights of its members. That case does not stand for the proposition that the Website operator has standing to assert the Frist Amendment rights of its members.

2. Dendrite arose out of a case where discovery was sought on the non-party service provider (Yahoo) prior to service of the complaint on any defendant. New Jersey discovery rules do not permit discovery pre-service of complaint without court authorization. The Dendrite court set the standard and procedure in state court for pre-service discovery subpoenas in online defamation cases. The case is not applicable here because the complaint was served on two of the defendants six months ago.

3. Counsel could not find any reported Third Circuit or District of New Jersey decision that adopts the Dendrite procedure in anonymous online defamation cases, whether pre- or post-service of complaint. As a Pa. District Court noted as of 2010:

> Neither the United States Supreme Court nor any federal appellate court has considered in a published decision the proper calculus for balancing the conflicting rights of an anonymous online speaker and an allegedly injured party. In the absence of such guidance, federal and state trial courts have developed a range of standards that plaintiffs must satisfy in order to obtain information related to the anonymous speaker's identity.

McVicker v. King, 266 F.R.D. 92, 94 (W.D. Pa. 2010).

4. Although Dendrite is not applicable to the present case, it is Allnurses who holds the keys to comporting with the first prong of the four-prong test, to wit notice to the John Doe defendants that they are the subject of a subpoena. Only Allnurses has the ability e-mail addresses of its members, and has the ability to post a notice on its Web site that it has been sued for defamation along with some of its members, and that a subpoena has been served (if the within requested relief is granted) on Allnurses seeking their e-mail addresses and IP Addresses, etc.,, and that a copy of the subpoena and First Amend Complaint is available by clicking on a link.

5. As to the balance of the Dendrite prongs that would be applicable, if at all (e.g. in state court in pre-service cases), in the event that an anonymous poster made an appearance in court, such as by a motion to quash a subpoena. However, as stated above, at most, Plaintiff's requirements at this stage would be satisfied by providing reasonable notice to the John Doe defendants, which would include notice by Allnurses and the subsequently subpoenaed service providers.

Accordingly, Plaintiffs request immediate permission to serve subpoenas and have a discovery order entered as discussed above.

    Respectfully,

    Hartman & Winnicki, P.C.

    By: _/s/ Richard L. Ravin_
        Richard L. Ravin, Esq.

Honorable James B. Clark, III, U.S.M.J.
May 21, 2015
Page 7 of 7


cc: Keith Miller, Esq. (via email KMiller@rwmlegal.com)
    Mark Olynyk, President, East Coast Test Prep, LLC (via email)