<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EAST COAST TEST PREP, LLC,** *doing business as Achieve Test Prep,* **and MARK OLYNYK,** | Civil Action No. 15-3202 (MCA) |
| Plaintiffs, | |
| v. | |
| **ALLNURSES.COM, INC., et al.,** | ORDER |
| Defendants. | |

This matter having come before the Court by way of Defendants Allnurses.com and Brian Short, R.N.'s (collectively, "Defendants") motion to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), <u>see</u> Defs.' Mot. to Dismiss, June 4, 2015, D.E. 18, and Plaintiffs East Coast Test Prep, LLC and Mark Olynyk's (collectively, "Plaintiffs") cross-motion to transfer this action to the United States District Court for the District of Minnesota, <u>see</u> Cross-Mot. to Transfer, June 22, 2015, D.E. 22;

and the Court having considered the parties' submissions [D.E. 18, 22, 30], the record, and the applicable law;[1]

---

[1] Defendants seek to dismiss the Amended Complaint because they argue that this Court lacks personal jurisdiction. Specifically, Defendants contend that they reside and principally transact business in Minnesota. <u>See</u> Decl. of Brian Short, R.N. ("Short Decl."), at ¶¶ 1-2, June 3, 2015, D.E. 18-2; <u>see also</u> Defs.' Mot. to Dismiss, at 2, 16, June 4, 2015, D.E. 18-1. Defendants also argue that they do not direct any activities at New Jersey, and do not have any meaningful contacts with New Jersey sufficient to warrant the Court's exercise of personal jurisdiction in this case. <u>See</u> Mot.to Dismiss, at 1-2, 11, June 4, 2015, D.E. 18-1.

In opposition, Plaintiffs contend that Defendants are subject to personal jurisdiction in

and the Court having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and in considering a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992));

and pursuant to Federal Rule of Civil Procedure 4(e), a federal court may exercise jurisdiction over a non-resident defendant to the extent authorized by state law within that forum, Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001); Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998);

and New Jersey's long-arm rule extending jurisdiction over non-resident defendants to the full extent permitted by the United States Constitution, see Carteret, 954 F.2d at 145;

and personal jurisdiction under the Due Process Clause of the Constitution requiring proof of a "relationship among the defendant, the forum and the litigation," Shaffer v. Heitner, 433 U.S. 186, 204 (1977); IMO Indus. v. Kiekert A.G., 155 F.3d 254, 259 (3d Cir. 1998);

and the plaintiff having the burden of setting forth competent evidence demonstrating that

---

New Jersey.  See Pls.' Opp'n Br., at 1, June 22, 2015, D.E. 22-1.  Plaintiffs argue that Defendants have targeted New Jersey residents because their website contains: (1) message threads permitting New Jersey residents to network with other New Jersey residents; (2) postings for over 700 nursing positions in New Jersey; and (3) geo-targeted advertising.  See id. at 8.  In addition, Plaintiffs assert that "Defendants knew that Plaintiffs were located in New Jersey, and directed their intentional conduct at Plaintiffs."  Id. at 10.

In the alternative, Plaintiffs request that the Court permit jurisdictional discovery or transfer the matter to the District of Minnesota.  See id. at 11, 13.

the moving defendant had sufficient contacts with the forum to justify the Court's assertion of personal jurisdiction once a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), see BP Chems., Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (citing Stranahan Gear Co. v. NL Indus., Inc., 800 F.2d 53, 58 (3d Cir. 1986));

and a Court having personal jurisdiction over a defendant when it has either specific jurisdiction or general jurisdiction, see, e.g., Remick, 238 F.3d at 255; Weber v. Jolly Hotels, 977 F. Supp. 327, 331 (D.N.J. 1997);[2]

and in determining whether specific jurisdiction may be exercised, the Third Circuit having suggested a three factor test:  (i) the defendant must have "purposefully directed" its activities at the forum state; (ii) the plaintiff's claim must "arise out of or relate to" at least one of defendant's specifically directed activities in the forum state; and (iii) the courts may analyze other factors "to ensure that the assertion of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"  Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotations and citations omitted);

---

[2] The central concern of personal jurisdiction is the predictability and fairness of the court exercising jurisdiction over the defendant.  To ensure predictability and fairness "it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).  Put differently, the plaintiff must show that "the defendant has purposefully directed its activities toward the residents of the forum or otherwise purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  IMO Indus., Inc. v. Kiekert A.G., 155 F.3d 254, 259 (3d Cir. 1998) (citation and quotation marks omitted).  The requirement of "purposeful availment" ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another person. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal citations and quotations omitted).

and general personal jurisdiction existing when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic," Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984), and if continuous and systematic contacts with the forum state are shown, personal jurisdiction is proper even if the cause of action arises from nonforum contacts, Dollar Savings Bank v. First Security Bank of Utah, N.A., 746 F.2d 208, 211 (3d Cir. 1984); see also Remick, 238 F.3d at 255;

and the Supreme Court clarifying that, regarding corporate defendants, "the place of incorporation and principal place of business are [paradigm] bases for general jurisdiction." Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014);

and the Court finding that it has neither specific nor general personal jurisdiction over the Defendants;[3]

---

[3] The Court finds that it does not have general jurisdiction over Defendants because Defendants do not have sufficient contacts with New Jersey. Defendant Allnurses.com is incorporated in and principally conducts business in Minnesota. See Short Decl., at ¶ 2, June 3, 2015, D.E. 18-2; see also Defs.' Mot. to Dismiss, at 16, June 4, 2015, D.E. 18-1. Defendant Short resides in Minnesota as well. See Short Decl., at ¶ 1, June 3, 2015, D.E. 18-2; see also Defs.' Mot. to Dismiss, at 16, June 4, 2015, D.E. 18-1. In addition, the majority of Defendants' employees are located in Minnesota. See Short Decl., at ¶ 13, June 3, 2016, D.E. 18-2; see also Defs.' Mot. to Dismiss, at 16, June 4, 2015, D.E. 18-1. Although Defendants acknowledge that they employ one New Jersey resident, see Short Decl., at ¶ 13, June 3, 2015, D.E. 18-2, that one employee does not alone confer general personal jurisdiction. See Zibiz Corp. v. FCN Tech. Solutions, 777 F. Supp. 2d 408, 419 (E.D.N.Y. 2011) ("[T]he mere presence of an employee within the forum state [is] insufficient to confer general personal jurisdiction over an out-of-state corporate defendant."). Moreover, nothing in the record establishes that the New Jersey employee took or failed to take action that gave rise to Plaintiff's claims. The only information provided about the New Jersey employee is that he "resides in New Jersey and works remotely for the Defendants." Short Decl., at ¶ 13, June 4, 2015, D.E. 18-2. Plaintiffs contend that this information somehow entitles them to an inference that the New Jersey employee is related to Plaintiffs' claims. See Pls.' Opp'n Br., at 11, D.E. 22-1. However, Plaintiffs do not cite any authority, factual or legal, to support that contention. Although Defendants provide very little detail about the New Jersey employee, they certify that the New Jersey employee "has no

connection to the allegations in this lawsuit." See Short Supp. Decl., at ¶ 5, July 9, 2015, D.E. 30-4.   Given the limited information, the Court cannot conclude that the presence of an employee in New Jersey confers general jurisdiction over AllNurses.com.   .

Further, Defendants: (i) do not solicit business in New Jersey; (ii) do not incur or pay taxes in New Jersey; (iii) do not own property in New Jersey; (iv) have no bank accounts or assets in New Jersey; (v) have not appointed an agent for service of process in New Jersey; and (vi) are not listed in any New Jersey telephone directory.   See Short Decl., at ¶ 14, June 3, 2015; D.E. 18-2; see also Defs.' Mot. to Dismiss Br., at 16, June 4, 2015, D.E. 18-1.   Thus, it is clear that Defendants' contacts with New Jersey are not "continuous and systematic," and therefore, this Court does not have general personal jurisdiction over Defendants.   See Database Am., Inc. v. Bellsouth Advertising & Publishing Corp., 825 F. Supp. 1195, 1211-12 (D.N.J. 1993) (concluding that there was no basis for general jurisdiction over the defendant corporation because the corporation did not maintain a "continuous and substantial presence in New Jersey.")

Similarly, Defendants cannot be subjected to specific personal jurisdiction in this District. The record does not establish that Defendants "purposefully directed" business activities at New Jersey.   Defendants "provide[] a platform for its members to post comments and/or questions and receive feedback and responses from members on a range of topics in the field of nursing, including but not limited to education and required coursework/exams for licensure."   Am. Compl., at ¶ 30, May 7, 2015, D.E. 1-1.   It appears that Defendants' claim that they operate a "passive, information-based website, which does not confer personal jurisdiction" is accurate. See Defs.' Mot. to Dismiss, at 8, June 4, 2015, D.E. 18-1.   Specifically, it does not appear that Defendants sell products, but instead make information available on their website to anyone interested in viewing it.   See id. at 9; see also Short Decl., at ¶ 4, June 3, 2015, D.E. 18-2. Moreover, the record demonstrates that Defendants' website is viewable worldwide, and does not make any state or country a focal point.   See id. at 11; see also Short. Decl., at ¶ 3, June 3, 2015, D.E. 18-2.

Accordingly, the Court cannot accept Plaintiffs' contention that Defendants specifically targeted New Jersey.   See Pls.' Opp'n Br., at 8, June 22, 2015, D.E. 22-1; see also Declaration of Mark Olynyk ("Olynyk Decl."), at ¶ 11, June 22, 2015, D.E. 22-2.   The Court reaches this conclusion even assuming as true Plaintiffs' argument that Defendants' website included job-matching services in New Jersey and engaged in geo-targeted advertising that included New Jersey.   See id. at 6-8, 10; see also Olynyk Decl., at ¶¶ 12-19, June 22, 2015, D.E. 22-2.

Plaintiffs ignore binding precedent and misconstrue the facts of this case.   In Zippo Mfg. Co. v. Zippo Dot Com, Inc., for example, the court concluded that "[a] passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction."   952 F. Supp. 1119, 1124 (W.D. Pa. 1997).   See Toys "R" Us, Inc., v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003) ("The opinion in Zippo Mfg. Co. v. Zippo Dot Com, Inc., has become a seminal authority regarding personal jurisdiction

5

and the Court still being authorized, even in the absence of personal jurisdiction, to transfer a case to a district where the case could have been brought originally, see 28 U.S.C. §§ 1404, 1406(a), 1631; see also Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962) (observing that "[n]othing in [its] language indicates that the operation of [§1406(a)] was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants.");

---

based upon the operation of an Internet web site.").    Plaintiffs allege in their Amended Complaint that Defendant Allnurses.com provides a platform for individuals to post comments and interact with other users regarding nursing.    See Am. Compl., at ¶ 30, Apr. 9, 2015, Exh. A to Notice of Removal, D.E. 1-1.    Thus, Plaintiffs' own description of Defendants' website appears to fall into the passive website category outlined in Zippo.

Moreover, although Plaintiffs contend that Defendants provide job-matching services to New Jersey residents for a fee, Defendants certify that those services are provided by employers.allnurses.com, which is a separate website with its own terms of service, management protocol, and login information.    See Supplemental Declaration of Brian Short, R.N. ("Short Supp. Decl."), at ¶ 3, July 9, 2015, D.E. 30-4; see also Defs.' Reply Br., at 2, July 10, 2015, D.E. 30.    Further, even if employers.allnurses.com were not a distinct website, specific jurisdiction still would not exist because Plaintiffs' claims do not arise out of or relate to the job-matching services.    Rather, Plaintiffs claims relate to a series of alleged defamatory posts on allnurses.com.    See generally Am. Compl. Apr. 9, 2015, Ex. A to Notice of Removal, D.E. 1-1. Indeed, employees.allnurses.com, does not offer message boards, and thus, the Court cannot find that it has a connection to this case.    See Short Supp. Decl., at ¶ 3, July 9, 2015, D.E. 30-4. Because Defendants' job-matching services do not relate to Plaintiffs' claims, the Court concludes that it is insufficient to confer specific personal jurisdiction.    See Decker v. Circus Circus Hotel, 49 F. Supp. 2d 743, 749 (D.N.J. 1999) (concluding that the plaintiffs' personal injury claims did not arise out of or relate to the defendant's contacts with New Jersey, and therefore, the court did not have personal jurisdiction.)

Finally, Plaintiffs' contention that Defendants knew that Plaintiffs reside in New Jersey, is unavailing.    Plaintiffs' residence and principal place of business are inconsequential to the personal jurisdiction analysis.    See IMO Indus., 155 F.3d at 265 ("Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to [establish jurisdiction].").

Because Plaintiffs have failed to establish a nexus to New Jersey, the Court therefore cannot conclude that it has personal jurisdiction over Defendants.

see also Verissimo v. Immigration and Naturalization Servs., 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (recognizing that "a court may transfer a matter under 28 U.S.C. § 1406 to a court with personal jurisdiction over the defendant and where venue is appropriate.");

and §§ 1404(a) and 1631 of Title 28 of the United States Code permitting transfer to cure a defect in personal jurisdiction, Chicosky v. Presbyterian Medical Center, 979 F. Supp. 316, 320 (D.N.J. 1997);

and § 1406 of Title 28 of the United States Code providing that a "district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or . . . transfer [the] case to any district . . . in which it could have been brought.";[4]

and the Court finding that the District of Minnesota is a district where this case could have, and indeed should have, been brought and transfer to that district will cure the defect in personal jurisdiction;[5]

---

[4] Although § 1406 specifically refers to venue, several courts have noted that § 1406 applies to any obstacle that prevents the orderly and expeditious adjudication of a case on its merits, including the lack of personal jurisdiction in an otherwise correct venue. Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 709-10 (D.N.J. 1989); see also Manley v. Engram, 755 F.2d 1463, 1467 (11th Cir. 1985); Sinclair v. Kleindienst, 711 F.2d 291, 294 (D.C. Cir. 1983). Even if § 1406 is inapplicable, see Imundo v. Pocono Palace, Inc., No. 01-807 (WGB), 2002 WL 31006143, at *3 (D.N.J. Aug. 14, 2002), § 1631 specifically provides that if a court finds a "want of jurisdiction" then the "court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." See Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1065-66 n.17 (3d Cir. 1982) (considering, sua sponte, whether transfer of the case pursuant to § 1631 would be "in the interest of justice" after noting that "dismissal of plaintiffs' complaints against [the defendants] on jurisdictional grounds at this time may cause plaintiffs difficulty in maintaining their suits elsewhere.").

[5] As previously discussed, Defendants reside in or principally conduct business in Minnesota. See Short Decl., at ¶¶ 1-2, June 3, 2015, D.E. 18-2. Accordingly, the District of Minnesota has personal jurisdiction over Defendants and is a venue in which this action could have been brought. See 28 U.S.C. § 1391(b) (providing that venue in a civil action is proper in

and the Court having further considered the factors under 28 U.S.C. § 1404 and determined that they support transfer of this case from the District of New Jersey to the Southern District of Minnesota;[6]

---

a district where (1) any defendant resides, if all defendants reside in the same state, (2) a substantial part of the events giving rise to the claim occurred, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.).

[6] In determining whether to transfer a case under § 1404(a), the Court should consider: (1) the plaintiff's choice of forum; (2) the location of where claims arose; (3) the convenience of the parties; (4) the convenience of the witnesses; (5) the location of books and records; (6) the practical considerations; (7) the relative congestion of the fora's dockets; (8) the fora's local interest; (9) the public policies of the fora; (10) the enforceability of the judgment; and (11) the familiarity of the trial judge with applicable state law in diversity cases.   Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-880 (3d Cir. 1995) (citations omitted).

In the Third Circuit, the plaintiff's choice of forum is of "paramount concern" in deciding a motion to transfer venue.   See Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989); Lacey v. Cessna Aircraft Co., 862   F.2d 38, 45-46 (3d Cir. 1988); Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d. Cir. 1970).   Choice of forum is a preference, however, rather than a right, and, in certain circumstances, is afforded less weight.   See Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 452, n.5 (D.N.J. 1999).   One such circumstance is where the majority of facts central to the dispute occurred outside of the plaintiff's selected forum.   Ricoh v. Honeywell, Inc., 817 F. Supp. 473, 481 (D.N.J. 1993).   Here, it appears that the facts giving rise to Plaintiffs' causes of action occurred in Minnesota, that is, the website where the alleged posts appeared is owned and operated by Defendants, who reside and conduct business in Minnesota.   Therefore, the Court will not afford much weight to the Plaintiffs' choice of forum.

Relatedly, the claims' substantial connection to Minnesota demonstrates that the parties' convenience, the witnesses' convenience, the location of records, and the enforceability of the judgment factors weigh in favor of transfer.   As already discussed, Defendant Allnurses.com is a Minnesota corporation and is operated in Minnesota.   The company's officers and the vast majority of its employees, who may be called as witnesses, are located in Minnesota.   See Short Decl., at ¶ 13, June 3, 2015, D.E. 18-2.   Given Defendants' substantial presence in Minnesota, it follows that the records are also located in Minnesota.   Thus, even if this matter were litigated in New Jersey, travel to Minnesota would likely be required.   In addition, if Plaintiffs prevail in this action, it will be easier to enforce a judgment over Defendants in Minnesota.   See United States ex rel Groundwater Tech., Inc. v. Sevenson Envtl. Servs., Inc., No. 00-311, 2000 WL 33256658, at *5 (D.N.J. Oct. 5, 2000) (recognizing that it is easier to enforce a judgment obtained in a defendant's home state).   Given these facts, it appears that transfer to Minnesota

and for all these reasons the Court finding that transfer to the District of Minnesota is warranted;

and for good cause shown;

**IT IS on this 28th day of August, 2015,**

**ORDERED** that Defendants' motion to dismiss the Complaint for lack of personal jurisdiction [D.E. 18] is **DENIED** as moot; and it is further

**ORDERED** that Plaintiffs' cross-motion to transfer [D.E. 22] this matter is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall transfer this matter to the United States District Court for the District of Minnesota; and it is further

**ORDERED** that Plaintiffs' motion for leave to serve subpoenas [D.E. 19] is **DENIED WITHOUT PREJUDICE**.[7]

---

would be appropriate and convenient.  The remaining factors do not defeat that conclusion. Thus, the Court finds that the Section 1404 factors weigh in favor of transfer to Minnesota.

[7] On June 12, 2015, Plaintiffs filed a motion to serve Defendants with subpoenas seeking identifying information for the John Doe Defendants as well as alleged Allnurses.com employees.  See Mot. for Subpoenas, at 2, June 12, 2015, D.E. 19-1.  Defendants oppose the motion.  See Defs.' Opp'n, June 16, 2015, D.E. 21.

Having concluded that this Court lacks personal jurisdiction over Defendants, the Court cannot require discovery from Defendants under Federal Rules of Civil of Procedure 33 and 34. See Emerson Elec. Co. v. Le Carbone Lorraine, S.A., No. 05-6042 (JBS), 2008 U.S. Dist. LEXIS 72705, *at 17 (D.N.J. Aug. 27, 2008).  Moreover, Federal Rule of Civil Procedure 45 requires a motion to compel compliance of a subpoena to be made in the district where compliance is to take place.  See Fed. R. Civ. P. 45(d)(2)(B)(i).  It is clear from the record, including the parties' representations during the August 18, 2015, telephone conference, that compliance with the subpoenas will occur in Minnesota, which is where Defendants are located, and where their records are presumably stored.  The Court will therefore deny Plaintiffs' motion for a subpoena without prejudice to their right to raise this issue in the appropriate forum.

*s/Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**